UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

JEROME DUNCAN, INC.,                         Case No. 05-59728
                                                             Chapter 7
                           Debtor.                       Hon. Marci B. McIvor
_____/

GAIL DUNCAN,

                           Plaintiff,

v.                                                               Adv. Proc. 06-4570

FORD MOTOR CREDIT COMPANY and
FORD MOTOR COMPANY,

                           Defendants.
_____/

FORD MOTOR CREDIT COMPANY,

                           Plaintiff,

v.                                                               Adv. Proc. 06-4661

RICHARD DUNCAN, GAIL DUNCAN and
SHASHI K. TEJPAUL,

                           Defendants.
_____/

## OPINION REGARDING PRIVILEGE OF CERTAIN DOCUMENTS IN THE POSSESSION OF JASON BANK

On October 2, 2007, FMCC filed a Motion to Compel Production of Documents by Jason Bank. On October 17, 2007, Gail Duncan and S. K. TejPaul filed a Response

to FMCC's Motion, claiming attorney-client privilege for the documents sought by FMCC. On December 4, 2007, this Court heard arguments on the Motion and ordered Jason Bank to turnover the subject documents for an *in camera* determination of whether the documents were subject to attorney-client privilege.

ANALYSIS/CONCLUSION

The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law. 8 J. Wigmore, *Evidence* § 2290 (McNaughton rev. 1961). The privilege generally protects communications from an attorney to a client, including the attorney's opinions, conclusions, and recommendations based upon the facts furnished by the client. *Wrench LLC v. Taco Bell Corp.*, 212 F.R.D. 514, 516 (W.D.Mich.2002). The privilege attaches to both oral and written communications. *See* Hoffman, *The Attorney-Client Privilege in Proceedings Under the Bankruptcy Act of 1898 and the Bankruptcy Reform Act of 1978,* 53 Am.Bankr.L.J. 231, 243 (1979). By invoking the attorney-client privilege, a client may refuse to testify about, and may proscribe the attorney from testifying about, communications between client and attorney. *Valassis v. Samelson*, 143 F.R.D. 118, 124 (E.D.Mich.1992).

That being said, the attorney-client privilege only attaches to "communications between an attorney and a client made in confidence and for the purpose of obtaining or facilitating the rendition of professional legal service." *John Labatt Limited v. Molson Breweries*, 898 F. Supp. 471, 473 (E.D. Mich. 1995). Not all documents are protected

2

by a privilege simply because they are the product of an attorney-client relationship. *Hubka v. Pennfied Township*, 494 N.W.2d 800, 802 (Mich. Ct. App.) *rev'd in part on other grounds*, 504 N.W.2d 183 (1993).

The burden of proof for asserting the attorney-client privilege rests with the party asserting either the privilege or that the documents were prepared in anticipation of litigation (i.e., fall within the work product doctrine). *U.S. v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999); *In re Grand Jury Investigation No. 83-2-5*, 723 F.2d 447 (6th Cir. 1983). Moreover, the courts have concluded that the attorney-client privilege must be narrowly construed. *Fausek v. White*, 965 F.2d 126 (6th Cir. 1992).

In *Fausek*, the Sixth Circuit Court of Appeals set forth the essential elements of the attorney client privilege as follows:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*Fausek,* 965 F.2d at 129.

In essence, the application of attorney-client privilege applies in the following manner. First, the attorney-client privilege only precludes disclosures of communications between attorney and client. *Humphreys, Hutcheson & Mosely v. Donovan*, 755 F.2d 1211, 1219 (6th Cir. 1985). Second, "the fact of legal consultation or employment, clients' identities, attorney's fees, and the scope and nature of employment are not deemed privileged." *Id.*, at 1219; *United States v. Haddad*, 527 F.2d 537, 538 (6th Cir.1975)("In the absence of special circumstances, the amount of

3

money paid or owed to an attorney by his client is not within the attorney-client privilege.") Third, the specific communication must be made in confidence. The presence of third parties that are not an agent of the client destroys the privilege. *United States v. Evans*, 113 F.3d 1457, 1462 (7th Cir. 1997). Fourth, transmittal letters are not subject to attorney-client privilege. *Amway Corp. V. The Procter & Gamble Co.*, 2001 WL 1818698, at *4 (W.D. Mich. April 3, 2001)(transmittal letters "are not privileged where they contain no facts tending to reveal the client's confidences.")

Also, in order to be afforded protection under the work product doctrine, the documents must be "prepared in anticipation of litigation or for trial by or for that party or that party's representative. . ." *Toledo Edison Co. v. G.A. Technologies, Inc.*, 847 F.2d 335, 339 (6th Cir. 1988). The Sixth Circuit in the *Toledo* case further stated that the court is not to permit discovery "of 'mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the party *concerning the litigation*.'" *Id.*, at 340 (emphasis added).

In this case, the Court finds that all of the documents provided by Jason Bank, the production of which was required by this Court during the December 4, 2007 hearing, are *not* subject to attorney-client privilege or work product doctrine with the following exceptions:

1. The email from S.K. TejPaul to Jason Bank, dated July 6, 2005 at 11:05, is not privileged with the exception of the last complete sentence in that email, beginning with the phrase, "I want to make certain. . ." That sentence may be

4

redacted.

2   The email from Jason Bank to S.K. TejPaul, dated July 30, 2005 at 9:05, is not privileged except for the full paragraph in the middle of the email beginning with the word "And" and ending with the words "sick of me calling him or emailing him every hour." That paragraph may be redacted.

The Court finds that the above-referenced redactions are protected by the doctrine of attorney-client privilege. The Court notes that the portions redacted have only a tangential relationship to the issue in this case regarding the validity of the alleged guaranties. Accordingly and for the above-stated reasons, all of the remaining documents must be produced.

**Signed on December 21, 2007**

                                                **/s/ Marci B. McIvor**
                                                **Marci B. McIvor**
                                                **United States Bankruptcy Judge**